**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:10-cr-00440-ECR-LRL |
| Plaintiff, | |
| vs. | **Order** |
| NELSON OSEMWENGIE, | |
| Defendant. | |

On June 17, 2011, Defendant was sentenced for a term of sixty-four (64) months imprisonment. On October 21, 2011, the Court ruled on Defendant's amended motion to enforce judgment (#30) by correcting the Judgment and Commitment Order (#25) entered on June 17, 2011 to add a recommendation that Defendant receive credit for time served in connection with this case to the extent he does not receive credit for such time served against any other federal sentence.

On May 2, 2012, Defendant filed a "Motion to Amend Judgment to Reflect Intention of Court" (#36), claiming that the Bureau of Prisons denied credit for the time of approximately eleven (11) months he served in pretrial confinement while awaiting resolution of this case. Defendant requests that the Court, pursuant to Federal Rule of Civil Procedure 36 and United States Sentencing Guidelines 5G1.3(b) and (c), resentence the Defendant to a term of

fifty-three (53) months or that his original sentence of sixty-four (64) months be ordered nunc pro tunc from August 13, 2010 to reflect the time that Defendant began serving his pretrial confinement in this matter.

On May 9, 2012, the United States of America filed its response (#38), arguing that Defendant has not exhausted his federal administrative remedies as required before challenging the manner in which the Bureau of Prisons has calculated his sentence.  The United States argues that Rule 36 is an improper way of correcting judicial rather than clerical errors, and Defendant may bring a 28 U.S.C. § 2241 petition once he has exhausted his administrative remedies.

The Court may not ordinarily modify an imposed term of imprisonment.  18 U.S.C. § 3582.  Federal Rule of Civil Procedure 35 allows the Court to correct an arithmetical, technical, or other clear error within seven days after the imposition of a sentence, which is not applicable here.  Federal Rule of Civil Procedure 36 is also considered a vehicle for correcting clerical mistakes rather than judicial errors.  United States v. Penna, 319 F.3d 509, 513 (9th Cir. 2003).  Our previous Order (#32) found that there was an omission that would ordinarily have been included in the sentence, and the recommendation that Defendant receive credit for time served was added.

Defendant's current Motion (#36), however, requests resentencing, which is improper under Rule 36.  The proper vehicle for such a request would be a § 2241 petition.  The United States has stated that there is a pending administrative appeal at the Bureau of Prisons, and Defendant stated in his reply (#39) that it

agrees that if there is still a pending administrative appeal, administrative remedies have not been exhausted.

**IT IS, THEREFORE, HEREBY ORDERED** that the Motion (#36) is **DENIED**.  Rule 36 cannot be used to resentence Defendant, and it has not been shown that Defendant has exhausted his administrative remedies as a prerequisite to bringing a § 2241 petition.

DATED: May 30, 2012.

_____
UNITED STATES DISTRICT JUDGE