UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No.2:10-cr-00440-MMD-VCF |
|---|---|
| Plaintiff, | AMENDED ORDER |
| v. | |
| NELSON OSEMWENGIE, | |
| Defendant. | |

**I.   SUMMARY**

This case was reassigned to this Court on October 1, 2012.  The Court has reviewed the filings in this case, the rough transcript of the sentencing hearing, the documents relating to the revocation of supervised release in the two cases referenced below, and the Presentence Investigation Report.

Before the Court is Defendant Nelson Osemwengie's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentences by a Person in Federal Custody.  (Dkt. no. 43.)  While Defendant seeks collateral relief on the basis of ineffective assistance of counsel, his main contention is he should have received credit for the 11 months of time served from the sentence imposed in this case whether by actual credit or amendment of the judgment, so the result is an actual sentence of 53 months (which would reflect credit for the 11 months served).  For the reasons discussed below, Defendant's Motion is denied.

Defendant also filed a Motion for Update and Status Report, requesting an update of the status of his earlier Motion.[1] (Dkt. no. 51.) This decision renders his Motion for Update moot. The Motion for Update is therefore denied.

## II.    BACKGROUND

Before his indictment in this case, Defendant was found to have violated conditions of supervised release in two separate cases, Case Nos. 2:05-cr-100-RLH-LRL and 2:06-CR-00002-RLH-GFW ("Revocation Cases").  In both cases, the Court revoked supervised release and imposed a sentence of 15 months to run consecutively for a total sentence of 30 months.  (Dkt. no. 306 in Case No. 2:05-cr-100; dkt. no. 551 in Case No. 2:06-cr-00002.) The Court order Defendant to self-surrender for service of his sentence before 12:00 p.m. on August 13, 2010.  Defendant started service on these sentences on August 13, 2010.

The government apparently engaged in pre-indictment negotiations with Defendant.  However, negotiations did not result in a plea.  Defendant was indicted on August 31, 2010.  He made his initial appearance on September 24, 2010, after being transferred from federal custody on the sentences in the Revocation Cases.  Defendant was ordered detained pending trial.

On March 1, 2011, Defendant pled guilty to count one of the indictment, which the Court accepted, pursuant to a non-binding plea agreement.  The plea agreement provides that the government agrees to recommend a sentence near the middle of the applicable guideline range while Defendant reserves the right to argue for a sentence near the low end of the guideline range, but Defendant would not seek a downward departure, adjustment, or variance. (Dkt. no. 19, ¶¶ 9, 11.)  The plea agreement further provides that Defendant reserves the right to argue that the sentence imposed in this case should run concurrently with the sentences in the Revocation Cases.

---

[1]Defendant's motions were erroneously referred to the Magistrate Judge originally assigned to the case who has since retired.  These motions were referred back to this Court on January 14, 2013.

The Presentence Investigation Report calculates a guideline range of 57-71 months for Defendant. The base offense level and the adjusted offense level were the same as that determined by the parties in the plea agreement. The only difference was Defendant's criminal history category. The Probation Office recommended a sentence of 60 months to be served consecutively with the sentences in the Revocation Cases.

Before the sentencing hearing, Defendant's counsel filed a response and a supplemental response to the Presentence Investigation Report. (Dkt. nos. 21 & 23.) Counsel objected to the Probation Officer's recommendation and argued that the sentence be imposed concurrent to the sentences in the Revocation Cases. Counsel also argued for a sentence of 46 months, even though this was in violation of the terms of the plea agreement. Moreover, counsel argued in a footnote that the sentence imposed in this case should run concurrently from August 13, 2000, which was the start of Defendant's service of sentences in the Revocation Cases. (Dkt. no. 23, no. 1.) Had this request been granted, the sentence would have been below the guideline range and Defendant would have obtained the result he is seeking now – reduction of 11 months served pre-trial and in connection with the sentences in the Revocation Cases.

At the sentencing hearing held on June 15, 2011, Defendant argued for a sentence of 57 months to run concurrent with the sentences in the Revocation Cases. The hearing records reflect that, at that time, Defendant had served for approximately one year, had 16 months remaining on the sentences in the Revocation Case, and was projected to complete those sentences around October 15, 2012. While Defendant also raised the issue of credit for time served, the Court noted that Defendant cannot "doubledip" if the time served has been credited towards the other sentences. The government argued for a mid-range sentence of 64 months and for the sentence to be consecutive to his un-discharged term remaining on the sentences in the Revocation Cases. The government did note that, if the Court were to decide to impose a consecutive sentence, the total sentence that Defendant would serve would be 80

///

3

months (64 + 16 remaining on un-discharged term).[2]  The Court sentenced Defendant to 64 months to run concurrently with the sentences imposed in the Revocation Cases, finding that such a sentence would be reasonably incremental for the offense in this case separate from the previous offenses.  (Dkt. no. 24.)  Judgment was entered on June 17, 2011.  (Dkt. no. 25.)

On August 16, 2011, Defendant filed a motion to enforce judgment, asking the Court to order enforcement of its judgment that Defendant serve a sentence of 64 months concurrent with the sentences in the Revocation Cases.  (Dkt. no. 26.)  The Court found that the issue was not appropriately raised and denied the motion, but granted Defendant leave to file an amended motion.  (Dkt. no. 29.)  In particular, the Court stated that it "would be willing to entertain consideration of credit for time served against the concurrent sentence we imposed if there is an appropriate vehicle for this Court to consider this issue."  In his amended motion, Defendant represented that he was not seeking to modify the Court's previous sentence, but was instead asking that the Court's actual sentence of 64 months be recognized.  (Dkt. no. 30.)  In response, the government argued that there is no appropriate mechanism for Defendant to raise this issue with the Court and that the proper procedure for Defendant to follow is relief under 28 U.S.C. § 2241.  (Dkt. no. 31.)  The Court found that if Defendant was seeking to direct the Bureau of Prisons on how to calculate his sentence, the proper procedure is to file a § 2241 writ.  The Court observed that because Defendant asked the Court to amend the judgment to recommend that Defendant receive credit for time served against the sentence imposed, the Court has retained jurisdiction to make this correction.  The Court accordingly granted the motion and amended its Judgment to reflect the Court's recommendation to the Bureau of Prisons that "Defendant receive credit for time served in connection with this case to the extent he does not receive

---

[2] Defendant had argued he should not receive 80 months for selling 200 pills. The Court did not view the sentence as simply adding the sentence with the un-discharged term in the Revocation Cases.

4

1  credit for such time served against any other federal sentence." (Dkt. no. 32.)  The
2  Court cautioned that if Defendant was receiving credit for time served against other
3  federal sentences (i.e., the sentences in the Revocation Cases), he would not receive
4  the same credit for the sentence imposed in this case.  The documents attached to
5  Defendant's reply brief show that the Bureau of Prisons had applied credit for time
6  served to the sentences in the Revocation Cases because he was serving these
7  sentences when he was indicted through sentencing in this case. (Dkt. no. 49.)

8  Defendant timely moved for the Court to vacate, set aside or correct his sentence
9  under 28 U.S.C. § 2255.

10 **III.   DISCUSSION**

11 In his Motion, Defendant raises four grounds supporting his claim of ineffective
12 assistance of counsel.  In response, the government demonstrates that each of the
13 grounds would not have resulted in prejudice because the sentence that Defendant
14 received was ultimately the most favorable and would result in the earliest release date.
15 In reply, Defendant argues that § 2255 is the only procedural relief he has available to
16 seek to correct his sentence to reflect the Court's intention for him to receive credit for
17 the 11 months served pre-sentence so he is not forced to serve an additional 11
18 months.[3]  Thus, the gist of Defendant's argument is his attorney was ineffective by
19 failing to ensure that the 11 months of time served pre-trial is credited to the sentence
20 imposed in this case.  However, because Defendant seeks to achieve this result via
21 collateral relief through a claim of ineffective assistance of counsel in both the plea
22 negotiation and sentencing, the Court must address his claim under a § 2255 analysis.[4]

---

[3] Defendant acknowledges that an available option is to seek relief under 28 U.S.C. § 2241, but he believes it would be futile.

[4] In his reply, Defendant also argues that substituted counsel, Ulrich Smith, was ineffective in his representation of Defendant in seeking to obtain the 11 month credit post judgment. The Court finds that substituted counsel's alleged conduct post-sentencing is not relevant to Defendant's collateral attack on the sentence and will not address it here. Moreover, Defendant was not prejudiced by Mr. Smith's representation. Through Mr. Smith's work, the Court did grant Defendant's amended motion and amended the judgment, and Mr. Smith assisted Defendant in filing the instant Motion within the limitation period even though he purportedly was not retained to do so.

The Supreme Court recently reaffirmed that a defendant's Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 132 S.Ct. 1376 (2012). "[T]he right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970). The two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984) applies to challenges based on ineffective assistance of counsel. *See Lafler*, 132 S.Ct. at 1384. First, a defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, a defendant must show that "any deficiencies in counsel's performance was prejudicial" by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 691-92, 694. The Court determines that Defendant has not satisfied either factor.

Defendant argues that his counsel was ineffective for failing to understand the relevant law and how the law relates to his case because counsel did not ask for the Court to reduce his sentence by 11 months to give him credit for the 11 months of pre-trial detention. Such a reduction would have resulted in a sentence below the guideline range of 57-71 months. The government correctly pointed out that Defendant was bound by the terms of the plea agreement, which provides that he cannot seek a downward departure, adjustment or variance. Defendant's counsel could not have asked for such a reduction, either by requesting a departure, adjustment, or variance without violating the plea agreement. Thus, counsel's failure to make such a specific request cannot amount to ineffective assistance.

Moreover, contrary to Defendant's claim, his attorney did appear to recognize that for Defendant to receive credit for the 11 months of pre-trial detention, the sentence imposed would have to run concurrent with the other two sentences from the commencement of Defendant's service of these sentences on August 10, 2010. 28 U.S.C. § 3585(a) provides that a "sentence to a term of imprisonment commences on the date the defendant is received into custody awaiting transportation to, or arrives

voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 28 U.S.C. § 3585(b) mandates that a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offenses for which the sentence was imposed . . . that has not been credited against another sentence." If the 11 months of time served pre-trial was credited against the sentences in the Revocation Cases, which is apparently the situation here, Defendant was not entitled to receive the same credit for the sentence here. Thus, in his supplemental response to the Presentence Investigation Report, counsel argued that the sentence imposed in this case should run concurrently from August 13, 2000, which was the commencement of Defendant's service of his sentences in the Revocation Cases. (Dkt. no. 23, no. 1.) Counsel was attempting to essentially argue for a sentence below the guideline range.[5] In other words, the Court would have to order a sentence of 53 months to ensure Defendant received credit for the 11 months in custody. Defendant's counsel did try to achieve the result that Defendant now seeks, and the fact that the Court may not have considered or declined to consider this argument does not amount to inadequate representation that falls below the objective standard of reasonableness.

Defendant also argues that he was prejudiced because had he accepted the government's pre-plea offers, he could have avoided 11 months in pre-trial detention that was not credited towards this sentence. In effect, he did not get the full benefit of the concurrent sentences (i.e., the sentence in this case and the sentences in the Revocation Cases) by not accepting the plea before the commencement of his sentences in the Revocation Action on August 10, 2010. This argument is flawed

---

[5]Counsel did not raise this argument at the sentencing hearing and also changed his argument to request a sentence of 57 months instead of 46 months as he was bound by the terms of the plea agreement not to seek a downward departure or variance. And the government did remind the Court that the plea agreement bars Defendant from seeking a sentence below 57 months.

because, as the government pointed out, the pre-indictment offers were less favorable than the offer that Defendant ultimately accepted.  The government's pre-plea offers involved the government recommending that the sentences in the Revocation Cases be served consecutive to the sentence in this case. In the first pre-plea offer, the government agreed to recommend that the sentence run partially concurrent to the supervised release violations.  In the second pre-plea offer, the government agreed to recommend that the sentence run fully consecutive to the supervised release violations. The Court agrees with the government that Defendant fails to demonstrate he was prejudiced by the rejection of the two pre-plea offers.

To the extent Defendant believes that the Court would have granted a request to apply the 11 months of pre-trial detention as credit towards the sentence imposed here, Defendant is wrong.  The record is clear that by the time of the sentencing hearing, Defendant had 16 months remaining on his un-discharged term for the sentences in the Revocation Cases.  The Court noted that Defendant cannot "doubledip" if the time served had been applied to his other sentences.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentences by a Person in Federal Custody is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Update and Status Report is DENIED AS MOOT.

DATED THIS 18th day of January 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE